IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Nautilus, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> ICON Health & Fitness, Inc., <br><br> Defendant. | § § § § § § § § § § § <br><br> Civil Action No. 5:16-cv-00080 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Nautilus Inc. ("Nautilus") hereby files its Original Complaint against Defendant, ICON Health & Fitness, Inc. ("ICON"). In support thereof, Nautilus would respectfully show the Court as follows:

### DISCLOSURE STATEMENT

1. Nautilus's Rule 7.1 Disclosure Statement is being filed concurrently with this Complaint.

### PARTIES

2. Plaintiff, Nautilus Inc., is incorporated in the State of Washington, and has its principal place of business at 17750 SE 6th Way, Vancouver, Washington, 98683.

3. Upon information and belief, Defendant, ICON Health & Fitness, Inc. is incorporated in the State of Delaware, and may be served at its principal place of business at 1500 S 1000 West, Logan, Utah, 84321.

### JURISDICTION AND VENUE

4. This Court has original diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5. Venue is proper in the Western District of Texas, San Antonio Division and this Court pursuant to 28 U.S.C. 1391(a) and because the contracts made the basis of the suit mandate that the legal relationship between the parties be governed by the laws of the State of Texas and that jurisdiction and venue for resolution of all disputes between the parties shall be in the courts located in Bexar County, Texas.

**FACTS**

6. Nautilus and ICON are parties to a Patent License Agreement ("PLA"), attached hereto as Exhibit A.

7. Nautilus and ICON are also parties to settlement agreement requiring ICON to pay certain royalties to Nautilus pursuant to the parties' PLA ("Settlement Agreement").

8. The PLA grants ICON a non-exclusive, royalty bearing license to certain Nautilus patents. In return for the license, ICON pays Nautilus a five percent (5%) royalty of gross sales of all products practicing Nautilus' patents.

9. The PLA and Settlement Agreement require ICON to tender certain royalty payments to Nautilus within sixty days of the end of each fiscal quarter.

10. The PLA also permits Nautilus to conduct audits in order to confirm the accuracy and timeliness of payments.

11. In 2015, Nautilus reviewed ICON's royalty payments and reports and determined that ICON failed to account for all gross sales covered by the PLA and underreported certain royalties owed under the PLA and Settlement Agreement, resulting in substantial damages to Nautilus.

12. In June 2015, Nautilus sent correspondence to ICON addressing ICON's failure to account for all royalties owed under the PLA. *See* Exhibit B, attached hereto.

13. After further discussions with ICON, ICON agreed to account for certain of the royalties owed to Nautilus. *See* Exhibit C, attached hereto. However, in December 2015, ICON reverted to refusing to pay the royalties owed, resulting in additional damages to Nautilus. *See* Exhibit D, attached hereto.

14. On January 15, 2016, Nautilus provided written notice to ICON of ICON's default of its obligation to pay royalties owed under the Patent License Agreement and/or Settlement Agreement. *See* Exhibit E, attached hereto. To date, ICON has not cured its default or otherwise responded.

## CAUSE OF ACTION: BREACH OF CONTRACT

15. Nautilus repeats the allegations of numbered paragraphs 6 through 14 as though fully set forth herein.

16. ICON's failure to timely and accurately report and make payments owed to Nautilus under the PLA and Settlement Agreement is a breach of contract.

17. Nautilus sues for its damages, plus pre-judgment and post-judgment interest as allowed by law, reasonable and necessary attorney's fees, and costs of court.

## ATTORNEY'S FEES

18. Nautilus has retained the law firm of Pillsbury Winthrop Shaw Pittman LLP to represent it in this action, and has agreed to pay the firm reasonable and necessary attorney's fees. Nautilus seeks an award of such fees pursuant to Section 38 of the Texas Civil Practice & Remedies Code.

## JURY DEMAND

19. Nautilus hereby demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Nautilus Inc. requests that this Court, on final hearing, enter judgment awarding Nautilus, Inc. its actual damages from ICON Health & Fitness, Inc., along with pre-judgment and post-judgment interest allowable by law, reasonable and necessary attorney's fees, and costs of court.  Nautilus, Inc. further prays that the Court grant it other and further relief, at law or in equity, to which it is justly entitled.

Date: January 26, 2016

Respectfully submitted,

*/s/ Conor Civins*
Conor Civins
Texas Bar No. 24040693
conor.civins@pillsburylaw.com
Matthew K. Gates
Texas Bar No. 24069770
matt.gates@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, Texas 78701
Telephone:  (512) 580-9611
Facsimile:   (512) 580-9601

ATTORNEYS FOR PLAINTIFF
NAUTILUS, INC.