UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NAUTILUS, INC. § | |
| § | |
| PLAINTIFF, § | |
| § | Civil No. SA-16-CV-00080-RCL |
| v. § | |
| § | |
| ICON HEALTH & FITNESS, INC. § | |
| § | |
| DEFENDANT. § | |

**Memorandum Opinion:**
**Granting in Part and Denying in Part the Plaintiff's Motion to Alter or Amend Judgment**

## Background

On January 19, 2018, the Court granted Nautilus's motion for summary judgment [ECF #41] and awarded damages to Nautilus in the amount of $1,782,508—$1,507,408 in royalties and $275,100 in late-payment interest for the time period between November 30, 2015, and January 20, 2017. (ECF #9 at 26–27). But the Court's opinion and order granting the summary judgment motion did not address pre-judgment interest, post-judgment interest, or late-payment interest for the time since January 20, 2017. Nautilus now moves to amend the Court's judgment to address those matters. Specifically, Nautilus asks the Court to amend its judgment "to include (1) additional late payment interest pursuant to the parties' Agreement in the amount of $349,712.36; (2) judgment that Nautilus is entitled to additional and ongoing late payment interest pursuant to the parties' Agreement until payment is made by ICON in full; (3) pre-judgment interest in the amount of $763,472.56; and (4) post-judgment interest in the amount of 1.79% to accrue until the judgment is paid in full by ICON." (ECF #96 at 6–7).

1

For the reasons given below, the Court will grant in part and deny in part Nautilus's motion.

## Legal Standard

Rule 59 of the Federal Rules of Civil Procedure allows a motion to alter or amend judgment within 28 days after the entry of judgment. (FED. R. CIV. P. 59(e)). Under Rule 59(e), amending a judgment is appropriate in three circumstances: (1) when there has been an intervening change in the controlling law, (2) when the movant presents newly discovered evidence that was previously unavailable, or (3) when there has been a clear error of law or fact. (*Demahy v. Schwartz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). A motion under Rule 59 cannot be used to raise new arguments or claims that could or should have been made before the judgment issued. (*Marseilles Homeowners Condo. Ass'n v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)). And while Rule 59 motions are generally disfavored, they are the appropriate vehicle to update damages numbers and to amend judgments to include pre-and post-judgment interest. (*E.g. Heck v. Triche*, 775 F.3d 265, 276–77 (5th Cir. 2014) (noting that post-judgment motions to add interest must be brought pursuant to Rule 59(e)); *Tellez v. GEO Group, Inc.*, No. 15-cv-00465, 2018 WL 1146398, at *6 (W.D. Tex. Mar. 1, 2018) (granting pre- and post-judgment interest and costs in the context of a Rule 59(e) motion)).

## Analysis

### I. The Court Will Amend Its Prior Judgment to Grant Pre-Judgment Interest / Late-Payment Interest to Nautilus.

In its motion for summary judgment, Nautilus requested "additional late payment interest owed pursuant to the parties' agreement accrued subsequent to the filing of its prior expert report on damages, in addition to pre-judgment interest." (ECF #41-1 at 1–2). The Court, in its

prior judgment, did not address these requests. That was an oversight on the Court's part and is grounds enough to re-open the Court's analysis and, if necessary, amend the judgment.

The Court will first analyze whether Nautilus is entitled to additional late-payment interest, pre-judgment interest, or both. If Nautilus is entitled to any of those, the Court will amend the judgment to reflect that.

### a. Nautilus Cannot Recover Both Late-Payment Interest and Pre-Judgment Interest.

Nautilus requests both "additional late payment interest pursuant to the parties' [contract]" and "pre-judgment interest." (ECF #96 at 6–7). Nautilus may receive additional late-payment interest under the contract. But Nautilus may not receive pre-judgment interest above and beyond the late-payment interest.

"[A] prevailing plaintiff in a contract case tried under Texas law is entitled to an award of prejudgment interest in all but exceptional circumstances." (*Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987)). And under Texas law, when a contract provides for late-payment interest, that interest is the pre-judgment interest for the case. (*See Perry Roofing Co. v. Olcott*, 722 S.W.2d 538, 544 (Tex. 1986) ("[A] trial court may award prejudgment interest in a contract action where the contract itself does not fix the amount of damages."); *People's United Equip. Fin. Corp. v. Morris*, No H-16-365, 2018 WL 287860, at *3 (S.D. Tex. Jan. 4, 2018) (using the parties' contractual interest rate as the rate for pre-judgment interest)). It would constitute an impermissible double recovery for a party to receive both contractual late-payment interest and statutory pre-judgment interest. The reason for that is clear when one considers the injury that pre-judgment interest is intended to remedy—the "judgment creditor's lost opportunity to invest the money awarded as damages." (*Miga v. Jensen*, 96 S.W.3d 207, 213 (Tex. 2002)). Late-payment interest serves the same purpose, being an agreed-upon estimation of

the value of the contract creditor's money due. (*Perry Roofing*, 722 S.W.2d at 544 (equating pre-judgment interest with contractually specified damages)). Thus, a prevailing party in a contract action is entitled to specified contractual late-payment damages in lieu of pre-judgment interest (to the extent permitted by law).

In this case, the implication of this doctrine is that Nautilus cannot receive all of the relief for which it asks. Nautilus cannot receive both "additional late payment interest pursuant to the parties' [contract]" and "pre-judgment interest" because the contractual late-payment interest supplants the role of pre-judgment interest. Therefore, the Court will deny Nautilus's motion to the extent that Nautilus seeks multiple recoveries for the lost time value of the royalties owed to it. But Nautilus is clearly entitled to additional late-payment interest under the contract through the date of judgment.

### b. Nautilus Is Entitled to a Total Award of $525,948 in Late-Payment Interest.

The Court now must determine exactly how much late-payment interest Nautilus is due. To do this, the Court must examine issues of waiver, the time periods at issue, and the portions of the judgment to be reopened; the proper late-payment interest rate; and the nature of the pre-judgment interest rate.

#### 1. The Court Will Reopen the Entire Late-Payment Interest Calculation.

There are two time periods relevant to this inquiry. First, there is the time period between November 30, 2015, and January 20, 2017. The Court awarded to Nautilus $275,100 in late-payment interest for this time period. ICON challenges this award, saying that it was improperly calculated using compound interest rather than simple interest. Nautilus argues that ICON has waived that argument by failing to bring it up in its response to Nautilus's motion for summary judgment.

4

The Court agrees that ICON waived its right to challenge the $275,100 award of late-payment interest for the period lasting until January 20, 2017. In its motion for summary judgment, Nautilus specifically requested that amount in late-payment interest. In its response, ICON did not address late-payment interest at all. It did not challenge Nautilus's possible entitlement to late-payment interest. It did not challenge Nautilus's calculations of late-payment interest. By this failure, ICON waived its right to challenge Nautilus's calculation.

Notwithstanding ICON's waiver, the Court will reopen the judgment to re-evaluate its award of late-payment interest for the time period lasting until January 20, 2017. ICON has demonstrated to the Court that the $275,100 award was not only incorrect, but also unlawful. The maximum pre-judgment interest rate allowable in a contract action under Texas law is 18% per annum. (TEX. FIN. CODE § 304.002).[1] This 18% rate also serves as a cap on the maximum late-payment interest that a contract creditor may charge a contract debtor. But the $275,100 award included in the Court's earlier judgment took into account an interest rate higher than 18% (as the Court will discuss in greater detail later). For that reason, the $275,100 award is not merely a calculation error, but a clear error of law that the Court will correct by reopening its prior judgment.

Second, there is the time period between January 20, 2017, and January 21, 2018 (the day before judgment was entered in this case). Nautilus seeks an additional award of late-payment interest for this time period. ICON argues that Nautilus waived the right to seek late-payment interest for this time period by asking for a sum certain award of late-payment interest in its motion to dismiss. The Court is not persuaded by that argument. In Nautilus's proposed order granting

---

[1] Interestingly, TEX. FIN. CODE § 304.002 actually governs awards of post-judgment interest on money judgments in contract actions in Texas. But "Texas common law and the judgment rate statutes allow prejudgment interest to accrue at the same rate as post-judgment interest on damages awarded for breach of contract." (*Jones v. R.O. Pomroy Equipment Rental, Inc.*, 438 S.W.3d 125, 132 (Tex. App. 2014)). Therefore, many Texas courts have permitted prevailing parties in contract actions to receive up to 18% interest. (*E.g. id.*; *Whitehead Utilities, Inc. v. Emery Fin. Corp.*, 697 S.W.2d 460, 461–62 (Tex. App. 1985); *Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 255 S.W.3d 807, 823 (Tex. App. 2008)).

5

its motion for summary judgment, it requested "additional late payment interest owed pursuant to the parties' agreement accrued subsequent to the filing of its prior expert report on damages." (ECF #41-1 at 1–2). This was enough to preserve Nautilus's request for additional late-payment interest.

The Court did not address Nautilus's request for additional late-payment interest in its prior opinion and judgment. This was error on the Court's part. Therefore, the Court will reopen its judgment to grant an additional award of late-payment interest for the time period between January 20, 2017, and January 21, 2018.

For these reasons, the Court will vacate its previous award of late-payment interest to Nautilus and will recalculate the proper amount for both of the relevant time periods.

### 2. The Proper Late-Payment Interest Rate Is a Simple (Non-Compounding) 18% per Annum Rate.

The proper late-payment interest rate is 18% per annum. Two separate sources confirm this. First, the parties' contract set the late-payment interest rate at "one and a half percent per month, which amounts to eighteen percent (18%) per annum." ((ECF #96 at 4) (internal citations omitted)). Second, TEX. FIN. CODE § 304.002 and Texas common law set the maximum pre-judgment (including late-payment) interest rate in contract actions at 18% per annum.

The relevant question now is whether this interest is to be simple or compounding interest. The answer is simple interest. Both parties concede this. (ECF #96 at 4 (stating that prejudgment interest "is computed as simple interest") (Nautilus); ECF #106 at 7 ("The interest under the agreement is simple, not compounding") (ICON)). Further, the use of simple interest is required as a matter of Texas law unless the parties specifically contract for interest to be compounded. (*See City of Austin v. Foster*, 623 S.W.2d 672, 676 (Tex. App. 1981) ("[C]ompound interest for money detained is not allowed in the absence of a contract or statute requiring it.")).

6

To grant compound interest in a damages award where not specifically required by contract constitutes error on the part of a trial court. (*Shin-Con Development Corp. v. I.P. Investments, Ltd.*, 270 S.W.3d 759, 768 (Tex. App. 2008)). And finally, if the 1.5% interest per month in this case were compounded, the annual interest rate would exceed the 18% per annum maximum allowed by Texas law. (*See* ECF #106-1 at 3 n.3 (showing that compounding interest in this case would result in a 19.56% per annum interest rate); *see also Cook Composites, Inc. v. Westlake Styrene Corp.*, 15 S.W.3d 124, 141 (Tex. App. 2000) ("Here, the parties' contract provides that 1.5% interest will be paid a month on amounts that are [past due]. Inasmuch as the . . . contract calls for monthly compounding of interest, the rate specified in the contract exceeds eighteen percent a year. Westlake is thus entitled to prejudgment interest at the lesser statutory rate of eighteen percent a year.")). For all of these reasons, the Court concludes that Nautilus is entitled to simple late-payment interest at the rate of 1.5% per month (18% per year).

Because Nautilus is entitled only to simple, not compound, interest, the Court erred when it granted Nautilus's initial request for $275,100 in late-payment interest for the time period between November 30, 2015, and January 20, 2017. ICON has demonstrated beyond any doubt that that amount includes compound, as opposed to simple, interest. (ECF #106-1 at 3, 11). This increased the effective late-payment to an unlawful 19.56%, (*Id.* at 3 n.3), and requires that the late-payment interest award be recalculated for the entire time period using the proper interest rate of 18% per year without compounding.

### 3. Using the Correct Interest Rate, Nautilus Is Owed $525,948 in Late-Payment Interest.

The relevant period in this case is November 30, 2015 (the day on which late-payment interest under the contract began to accrue), until January 21, 2018 (the day before judgment was

entered in this case).[2] The parties provide two different calculations for what the late-payment interest ought to be for this time period. Both calculations are well represented by the figures provided by ICON on pages 10–12 of its response. (ECF #106-1). The Court will adopt ICON's measure of late-payment interest.

Nautilus's measure of late-payment interest suffers from several flaws. First, it compounds the interest, which, as the Court has made clear, is error. (*Id.* at 11). Second, it takes the compounded late-payment interest (which was already inflated and erroneous) and uses it as a baseline from which to calculate additional simple pre-judgment interest. (*Id.* at 12). To summarize, Nautilus wants interest on the royalties, then it wants interest on that interest (compound interest), and then it wants interest on all of that interest again (by calculating late-payment interest and pre-judgment interest separately). This is, as ICON puts it, "literally interest cubed." (ECF #106 at 4). For those reasons, Nautilus's late-payment interest calculations are rejected entirely.

ICON's measure of late-payment interest is correct. It does not treat late-payment and pre-judgment interest as two independent quantities. It calculates only simple interest. Therefore, the Court will award to Nautilus late-payment interest in accordance with the calculations provided by ICON's expert for the period of November 30, 2015, through January 21, 2018. (ECF #106-1 at 10). The amount of late-payment interest awarded to Nautilus will be $525,948. An amended judgment will be issued reflecting this determination.

---

[2] The Court will relate its amended judgment back in time to the date of its first judgment. As such, there is no need to update measures of pre-judgment interest any further.

## II. The Court Will Amend its Prior Judgment to Include an Award of Post-Judgment Interest.

### a. The Court Will Amend its Prior Judgment to Award Post-Judgment Interest to Nautilus at the Rate of 1.79% per Annum.

Nautilus requests "post-judgment interest in the amount of 1.79% to accrue until the judgment is paid in full by ICON." (ECF #96 at 7). The Court will grant this portion of Nautilus's motion and will amend its judgment to reflect that.

While state law governs awards of pre-judgment interest, "[f]ederal law governs post-judgment interest." (*Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010)). The relevant statute is 28 U.S.C. § 1961(a), which says that interest "shall be allowed on any money judgment in a civil case recovered in a district court." Post-judgment interest on a money judgment is, then, a matter of right, not discretion. (*Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 752 (5th Cir. 1983) ("The failure of the district court to allow post-judgment interest on its original judgment . . . was patently an oversight, for interest was allowable as of right, not as a matter of discretion.")). Because post-judgment interest is a statutory right, a court need not expressly award post-judgment interest in the judgment. (*See, e.g., Pace Comm., Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994) ("Civil litigants who win money judgments in district courts are entitled to post judgment interest. This much is guaranteed them by statute, 28 U.S.C. § 1961(a). Expressly awarding such interest as part of the judgment is redundant.") (internal emphasis omitted)).

Given the state of the law, ICON argues that "it is unnecessary to amend the judgment to provide for post-judgment interest." (ECF #106 at 10). That is correct. But while amending the judgment to provide for post-judgment interest is unnecessary, it also won't hurt (especially as the Court will already be amending the judgment to reflect the changes discussed in Part I of this

9

opinion). The Court would prefer that the final judgment be a self-contained document containing all elements of the damages award. The parties agree that the appropriate rate of post-judgment interest is 1.79% per annum. Therefore, the Court will amend the judgment to include an explicit award of post-judgment interest of 1.79% per annum and will grant Nautilus's motion to this extent.

### b. Nautilus May Not Receive Late-Payment Interest for Any Date Beyond January 21, 2018.

Nautilus requests a "judgment that Nautilus is entitled to additional and ongoing late payment interest pursuant to the parties' Agreement until payment is made by ICON in full." (ECF #96 at 6). The Court interprets this as a request to continue receiving late-payment interest at the contractual rate of 1.5% per month in addition to post-judgment interest at the statutory rate of 1.79% per annum. The Court will deny this portion of Nautilus's motion.

"[T]he general rule [is] that a cause of action reduced to a judgment merges into the judgment and the contractual interest rate therefore disappears for post-judgment purposes." (*Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 457 (5th Cir. 2013) (quoting *Johnson v. Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009))). There are exceptions to this general rule. For example, parties may contract for another interest rate to apply instead of the statutory post-judgment interest rate, but the parties' intent to do so must be "'clear[], unambiguous[], and unequivocal[].'" (*Id.* at 457 (quoting *Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1277 (10th Cir. 2010))).

Applying these rules to this case is simple. Under the general rule, Nautilus's breach of contract cause of action merged into the Court's prior judgment causing the 1.5% per month late-payment interest rate to disappear. That 1.5% per month rate could come back if the parties had clearly, unambiguously, and unequivocally contracted for such an arrangement. But they did

not. The parties' contract in this case says nothing about displacing the federal, statutory post-judgment interest rate. Therefore, Nautilus is not entitled to any contractual late-payment interest beyond the time that the statutory post-judgment interest rate began to apply, which was "the date of the entry of the judgment"—January 22, 2018. (28 U.S.C. § 1961(a)). For that reason, Nautilus's motion will be denied in this respect.

## Conclusion

The Court will **grant in part and deny in part** Nautilus's motion to alter or amend judgment [ECF #96]. Specifically, the Court will grant the motion to the extent that Nautilus requests an explicit award of statutory post-judgment interest and an updated calculation of pre-judgment interest. The Court will deny the motion to the extent that Nautilus seeks duplicative pre-judgment interest in addition to late-payment interest and to the extent that it seeks to receive continuing late-payment interest in addition to post-judgment interest.

A separate order and a separate judgment will issue consistent with this opinion.

SIGNED this 7th day of May, 2018.

*[signature]*
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE